FILED
2010 APR 14  PM 2:38
U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

1  ROBERT R. RONNE, ESQ. (SBN 092884)
   LAW OFFICE OF ROBERT R. RONNE, APC
2  840 Apollo Street, Suite 307
   El Segundo, California 90245
3  Telephone: (310) 322-1696
   Facsimile: (310) 322-3039
4  E-mail: rrr55@sbcglobal.net

5  DENNIS W. RIHN, ESQ. (SBN 126233)
   ATTORNEY AT LAW
6  215 N. Marengo Avenue, Suite 376
   Pasadena, CA 91101
7  Telephone: (818) 265-0525
   Facsimile: (626) 396-1555
8  E-mail: D.Rihn@Att.Net

9

10  Attorneys for Plaintiffs Erlinda Arandia and Mariano Cabellon

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15  ERLINDA ARANDIA AND           )  ED CV 10 - 00546
    MARIANO CABELLON,             )  CASE NO.                    OP
16                                )
                                  )
17              Plaintiff,        )  COMPLAINT FOR DAMAGES:
                                  )
18                                )
        vs.                       )  1)  FAILURE TO PAY
19                                )      MINIMUM WAGE AND
    WINTER WOODS COTTAGES;        )      OVERTIME
20  WINTER WOODS HOME CARE        )      COMPENSATION
    FOR THE ELDERLY LLC;          )      (*Fair Labor Standards Act*);
21  EDGARDO ROCES,                )
                                  )  2)  FAILURE TO PAY
22                                )      OVERTIME
                                  )      COMPENSATION, AND
23              Defendants.       )      RELATED RELIEF
                                  )      (Including California *Labor
24  _____  )      Code* Section 1194).

25

26      Plaintiffs Erlinda Arandia and Mariano Cabellon allege as follows:

27  ///

28  ///

-1-
**Complaint**

## JURISDICTION & VENUE

1. This action involves claims brought under the Fair Labor Standard Act ("FLSA"), which present a federal question (see generally 29 USCA, Section 216 (b)) over which this court has original jurisdiction under 28 USCA Section 1131. This court is permitted, at its discretion, to adjudicate the state claims alleged. (28 USCA Section 1367).

2. A defendant resides within the Central District of California, Plaintiffs are informed and believe. Venue is proper under 28 USCA Section 1391.

## THE PARTIES

3. Defendant WINTER WOODS COTTAGES is, Plaintiffs are informed and believe, a business entity, with its principal place of business in Riverside, California, and was a joint employer of Plaintiffs.

4. Defendant WINTER WOODS HOME CARE FOR THE ELDERLY LLC is, Plaintiffs are informed and believe, a California limited liability corporation, with its principal place of business in Riverside, California, and was a joint employer of Plaintiffs.

5. Defendant Edgardo Roces is an individual who has financial and/or operational control over any entity defendants, or are individuals who have authority to act for him in relation to the work of Plaintiffs, and thus are joint employers of Plaintiffs.

6. All of the business entities which defendants operate generally use a variety of or variations on names, and as to Plaintiffs, operated under aliases or other fictitious names, including defendant WINTER WOODS HOME CARE FOR THE ELDERLY LLC (all of which names are referred to collectively as the "facilities"). Such other names for the facilities may include, but not be limited to: Winter Woods Cottages, Orange Blossom Villas, Megginson Place I and Megginson Place II. As such facilities are not completely disassociated from one another, the facilities operated by defendants are a common, or joint enterprise, constituting a single

integrated business entity.

## PRELIMINARY ALLEGATIONS

7. Said facilities of defendants are licensed and regulated by the State of California, and pursuant thereto, hire labor (commonly called "caregivers") for the purpose of caring for the sick, the aged, the mentally ill or defective, which sick, the aged, the mentally ill or defective reside on the premises of such facilities.

8. Plaintiffs were caregivers at the facilities of defendants, and thus were employees of all defendants.

9. Plaintiffs are informed and believe and thereupon allege that there exists, and at all times relevant to this complaint there existed a unity of interest and ownership between any corporate defendants and non-corporate defendants such that any individuality and separateness between said defendants has ceased. Plaintiffs are further informed and believe, and thereupon allege that if the acts of the defendant entities are treated as those of the entity alone, an inequitable result would follow. Accordingly, as to any defendants which are corporate or entity defendants, it is fair and equitable to permit piercing the corporate veil.

## FIRST CAUSE OF ACTION
## FOR FAILURE TO PAY MINIMUM WAGE AND OVERTIME,
## AND WAGE AND HOUR VIOLATIONS
## (FAIR LABOR STANDARDS ACT)
## (PLAINTIFFS AGAINST ALL DEFENDANTS)

10. Plaintiffs re-allege and incorporate herein by this reference each of the preceding paragraphs.

11. All of said defendants fall within the coverage of the FLSA as they are engaged in the operation of institutions (here, the facilities) which primarily care for the elderly.

12. Beginning approximately on April 5, 2007, and continuing to November 21, 2009, Plaintiff Erlinda Arandia rendered caregiver services for the benefit of

1 defendants.

13. Beginning approximately on March 20, 2007, and continuing to November 21, 2009, Plaintiff Mariano Cabellon rendered caregiver services for the benefit of defendants.

14. Pursuant to the provisions of the FLSA, Plaintiffs had the right to be paid minimum wage for every hour of labor, plus the right to be paid one and a half times their regular hourly rate for all hours worked in excess of 40 during a week.

15. During their employment, defendants required and permitted Plaintiffs to work hours in excess of 40 per week. Plaintiffs were not properly compensated by defendants for all "hours worked" in that Plaintiffs were not paid the minimum wage for the first 40 hours of work each week, nor was he paid at required "premium rates" for all hours worked in excess of 40.

16. Pursuant to Section 216 of the FLSA, Plaintiffs are entitled to recover the full amount of unpaid minimum wage and overtime compensation owing in an amount estimated to exceed $100,000.00 each, and subject to more precise proof at the time of trial.

17. In addition, because defendants violated Sections 206 and 207 of the FLSA, pursuant to Section 216 of same, Plaintiffs are entitled to a doubling of the full amount of unpaid minimum wage and overtime compensation in an additional amount of $100,000.00 each, and subject to more precise proof at the time of trial.

18. In addition, Plaintiffs are entitled to reasonable attorney's fees in an amount to be proved according to law. In addition, Plaintiffs are entitled to prejudgment interest and costs of suit.

///
///
///
///
///

# SECOND CAUSE OF ACTION
# (FOR WAGE AND HOUR VIOLATIONS, INCLUDING CALIFORNIA LABOR CODE SECTION 1194)
# (PLAINTIFFS AGAINST DEFENDANTS WINTER WOODS COTTAGES AND WINTER WOODS HOME CARE FOR THE ELDERLY LLC)

19. Plaintiffs re-allege and incorporate herein by this reference each of the preceding paragraphs.

20. Pursuant to the provisions of the California Labor Code, including *Labor Code* Sections 510 and 1194, and regulations adopted by the California Department of Industrial Relations, Plaintiffs have the right to be paid properly for every hour of labor.

21. In violation of such laws and regulations, defendants, and each of them failed to pay Plaintiffs all overtime owed, in an amount believed to exceed $150,000.00, each.

22. In addition, Plaintiffs are entitled to those recoveries allowed by law as follows:

   (A) Pursuant to *Labor Code* Section 203, Plaintiffs was entitled to receive at the termination of his employment all accrued but unpaid wages for all hours labored, including overtime compensation. Because defendants, and each of them failed to pay such wages, Plaintiffs Erlinda Arandia and Mariano Cabellon are entitled to continuing wages set forth in *Labor Code* Section 203 in an amount estimated to be in excess of $1,920.00 each.

   (B) Defendants, and each of them, were obligated under *Labor Code* Section 226 and regulations of the Industrial Welfare Commission of the State of California, to keep accurate records of Plaintiffs' hours of labor, and to prepare and submit to Plaintiffs at least twice per month an itemized statement accurately showing

the total hours worked by Plaintiffs. Defendants, and each of them, failed to keep accurate records of Plaintiffs' hours of labor, and further failed to timely provide accurate itemized wage statements as required by such statute. Accordingly, Plaintiffs Erlinda Arandia and Mariano Cabellon are entitled to damages pursuant to *Labor Code* Section 226, in a maximum amount of $4,000.00 each.

(C) Pursuant to law, including the applicable wage order of the Industrial Welfare Commission, Plaintiffs are entitled to receive all other compensation permitted by law, including for meal and rest periods during the course of his employment, in the approximate amount of $5,000.00, and according to more precise proof.

23. In addition, Plaintiffs are entitled to interest on unpaid amounts owing in an amount to be proved at trial. Further, Plaintiffs are entitled to reasonable attorney's fees, which are hereby specifically demanded, in an amount to be proved according to law.

24. In addition, Plaintiffs are entitled to costs of suit.

**PRAYER**

WHEREFORE, Plaintiffs pray judgment be entered in their favor and against Defendants, and each of them as follows:

1. For all damages permitted under the FLSA, including unpaid minimum wage and overtime of at least $100,000.00, doubled to $200,000.00 each plaintiff, and more precisely according to proof at trial;

2. For unpaid overtime compensation under California law in the approximate amount of $150,000.00 each plaintiff, and subject to

more precise proof at the time of trial;

3. For continuing wages pursuant to *Labor Code* Section 203 in an amount of at least $1,920.00 each, and more precisely according to proof;

4. For damages pursuant to *Labor Code* Section 226 in an amount of a maximum of $4,000.00 each, and more precisely according to proof;

5. For compensation for meal and rest periods not received according to law in an amount to be proved at trial, of about $5,000.00 each;

6. For prejudgment interest according to law, believed to be over $5,000.00 each;

7. For costs of suit, including attorney's fees, according to proof; and

8. For such other and further relief as the Court may deem appropriate.

Respectfully Submitted:

**LAW OFFICES OF ROBERT R. RONNE, APC**

BY: ROBERT R. RONNE,
Attorney for Plaintiffs
Erlinda Arandia and Mariano Cabellon

Name & Address:

ROBERT R. RONNE
LAW OFFICES OF ROBERT R. RONNE, APC
840 APOLLO STREET, SUITE 307
EL SEGUNDO, CALIFORNIA 90245

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDA ARANDIA AND MARIANO CABELLON,<br>PLAINTIFF(S)<br>v.<br>WINTER WOODS COTTAGES; WINTER WOODS HOME CARE FOR THE ELDERLY LLC; EDGARDO ROCES,<br>DEFENDANT(S). | CASE NUMBER<br><br>ED CV 10 - 00546 OP<br><br>SUMMONS |

TO: DEFENDANT(S): WINTER WOODS COTTAGES; WINTER WOODS HOME CARE FOR THE ELDERLY LLC; EDGARDO ROCES,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Robert R. Ronne_____, whose address is _840 Apollo Street, Suite 307, El Segundo, California 90245_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __APR 14 2010__

TERRY NAFISI
Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                         SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

ERLINDA ARANDIA AND MARIANO CABELLON,

**DEFENDANTS**

WINTER WOODS COTTAGES; WINTER WOODS HOME CARE FOR THE ELDERLY LLC; EDGARDO ROCES,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ROBERT R. RONNE  (310) 322-1696
LAW OFFICES OF ROBERT R. RONNE, APC
840 APOLLO STREET, SUITE 307, EL SEGUNDO, CALIFORNIA 90245

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 200,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 USCA Section 216, minimum wage and overtime under Fair Labor Standards Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | **FEDERAL TAX SUITS** |
| | | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

ED CV 10 - 00546

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

APR 14 2010

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date April 13, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |